IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-cr-135-RDA |
| MOULUAN WU, | **Hearing**: December 8, 2021 at 11:00 am |
| Defendant. | |

**POSITION OF THE UNITED STATES**
**WITH RESPECT TO SENTENCING**

From June 2020 to March 2021, defendant Mouluan Wu participated in a wide-ranging wire fraud scheme. As part of that scheme, Wu and his coconspirators tricked victims into sending them gift cards worth hundreds of thousands of dollars. On July 7, 2021, Wu admitted his role in the scheme and pleaded guilty to conspiracy to commit wire fraud. The Court ordered a Presentence Investigation Report which found the advisory Guidelines range to be 21 to 27 months. The United States agrees with this Guidelines calculation. After careful consideration of the statutory factors, the United States recommends that the Court: (1) sentence Wu to 15 to 21 months in prison; (2) impose a one-year term of supervised release; (3) order restitution in the amount of $308,834.50; and (4) order forfeiture as contemplated in the consent order of forfeiture. Such a sentence would be sufficient but not greater than necessary to accomplish Section 3553(a)'s sentencing objectives.

**BACKGROUND**

**A.     Factual Background**

For the last sixteen years, Wu has lived in the United States, often working as a handyman. PSR ¶¶ 72, 80-81. Since at least June 2020, Wu has participated in a fraudulent gift card scheme.

1

PSR ¶ 24. Around this time, Walmart loss prevention officers ("LPOs") noticed several individuals redeeming scores of gift cards at once in Walmart stores throughout the D.C. metro area. PSR ¶ 23. Suspecting fraud, Walmart investigated these cards and found that most were purchased by individuals throughout the United States, sometimes minutes before they were redeemed in Virginia. *Id*. Walmart then alerted the FBI who helped identify the individuals, including Wu. *Id*.

The FBI investigation uncovered a fraudulent scheme involving Wu and his coconspirators. To execute their scheme, Wu's unidentified coconspirators contacted victims by telephone or online and assumed fictitious identities. PSR ¶ 38. Using those identities, unidentified coconspirators made materially false and fraudulent representations and promises to induce their victims to purchase gift cards, including gift cards to be redeemed at Walmart stores. *Id*. The unidentified coconspirators then directed the victims to send the gift cards' redemption codes—which are codes used to redeem the value of the gift card without having the physical card—to members of the conspiracy through wire communications. *Id*.

Wu then obtained those redemption codes from coconspirators. *Id*. These coconspirators directed Wu to use the fraudulently obtained redemption codes to purchase goods and additional gift cards from Walmart stores located in the Eastern District of Virginia and elsewhere. PSR ¶ 39. Based on transaction data and surveillance footage, the investigation concluded Wu purchased at least $308,834.50 in gift cards across 823 transactions.[1] PSR ¶ 24.

On February 4, 2021, the Westminster Police Department arrested Wu after LPOs noticed Wu stealing and redeeming gift cards. PSR ¶ 30. On April 5, 2018, the FBI discovered that Wu intended to fly from Los Angeles, California to Xiamen, China. PSR ¶ 33. The flight left on April

---

[1] The number of transactions and the amount spent comes from data provided by Walmart. If requested, the United States will make this data available for the Court's review.

8, 2021 without Wu who did not appear at the airport. *Id*. Instead, four days later, Wu attempted to board a pre-dawn flight to China with over $6,000 in cash. *Id*. Wu was arrested before he could board the flight. *Id*.

On July 7, 2021, Wu pleaded guilty to a one-count criminal information charging him with conspiracy to commit wire fraud. PSR ¶ 5. Wu is the fourth member of his conspiracy convicted for conspiracy to commit wire fraud. *United States v. He Li*, 1:20-cr-114; *United States v. Yuchen Zhang*, 1:20-cr-226; *United States v. Jin Hong*, 1:20-cr-254. A federal grand jury returned an indictment against a fourth coconspirator who is currently awaiting trial. PSR ¶ 47; s*ee also United States v. Qinbin Chen*, 1:21-cr-189.

## LEGAL STANDARD

The standards governing this Court's sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Section 3553(a) sets out a variety of factors that the Court should consider in determining the defendant's sentence, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," among others. 18 U.S.C. § 3553(a)(1)-(2)(A) & (B).

## APPLICATION

**A.     Sentencing Guidelines Calculation**

The PSR found, and the United States agrees, that Wu's Guidelines range is as follows:

| | | |
|---|---|---|
| <u>Base Offense Level</u> | | 7 |
| <u>Enhancements</u> | | |
| | Loss amount between $250,000 and $550,000 | +12 |
| | Offense involved 10 or more victims | +2 |
| | Minor participant | -2 |
| | Acceptance of responsibility | -3 |
| **<u>Total Offense Level</u>** | | **<u>16</u>** |

Wu's criminal history is Category I. PSR ¶ 65; U.S.S.G. §§ 4A1.1, 4A1.2. Based on Defendant's adjusted offense level of 16 and criminal history of Category I, the advisory Guidelines range is 21 to 27 months. PSR ¶ 86; U.S.S.G. § 5A.

**B.     Statutory Analysis of the Section 3553(a) Factors**

Based on the circumstances of this case and a careful review of the § 3553 factors, the United States recommends that the Court: (1) sentence Wu to 15 to 21 months in prison; (2) impose a one-year term of supervised release; (3) order restitution in the amount of $308,834.50; and (4) order forfeiture as contemplated in the consent order of forfeiture.

> 1. *The recommended sentence is necessary based on the nature, circumstances, and seriousness of the offense.*

The nature and circumstances of Wu's offense are serious. Wu and his coconspirators defrauded their victims out of hundreds of thousands of dollars. And this is not a case where Wu

engaged in a single act of misconduct. Far from it, Walmart data shows that Wu conducted over 800 transactions in a nine-month period. The volume of Wu's criminal transactions suggests he presents an increased risk of recidivism. *See* U.S.S.G. Ch. 4 Part A introductory note ("Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation."). While Wu has no criminal record beyond the scheme at issue here, his pattern of conduct within the scheme reflects a persistent and brazen disregard for the rights of others. This calls for a correspondingly lengthy sentence.

   2. *The recommended sentence is necessary based on Defendant's personal history and characteristics.*

Wu's personal history also supports the recommended sentence. According to the PSR, Wu does not suffer from any mental, emotional, or physical conditions that would justify his criminal behavior. PSR ¶¶ 76-79. Additionally, Wu joined this conspiracy as an adult. As such, Wu had the maturity and life experience to make lawful decisions. He chose otherwise. Wu's personal history, accordingly, justifies the recommended sentence.

   3. *The recommended sentence is necessary to promote respect for the law and afford adequate deterrence of fraudulent conduct.*

The recommended period of incarceration promotes respect for the law and punishes Wu's intentional conduct. Likewise, requiring Wu to compensate his victims and forfeit the proceeds of his fraud would provide just punishment for Wu's crimes. The recommended sentence would also provide general deterrence to others who would contravene laws against fraud.

   4. *The recommended sentence is necessary to avoid unwarranted sentencing disparities.*

The recommended sentence would also prevent unwarranted sentencing disparities. Several of Defendant's coconspirators have already pleaded guilty. Each received below-Guidelines sentences between seven and nine months:

| Case | Guidelines | Government's Recommendation | Ultimate Sentence |
|---|---|---|---|
| *United States v. He Li*, 1:20-cr-114 | 63 to 78 months | 15 months | 9 months |
| *United States v. Yuchen Zhang*, 1:20-cr-226 | 21 to 27 months | 7 months | 7 months |
| *United States v. Jin Hong*, 1:20-cr-254 | 18 to 24 months | 7 months | 7 months |

Like He Li, Yuchen Zhang, and Jin Hong, Wu acted as a low-level redeemer for a more culpable manager.[2] But Wu's conduct differs from his coconspirators in two important ways. *First*, Wu appears to have conducted many more transactions and, in the process, harmed many more victims. The loss attributed to Wu—$308,834.50—is more than six times the loss attributed to He Li and more than seven times the loss attributed to Jin Hong. Because Wu caused more harm, he deserves a harsher sentence. *Second*, Wu attempted to flee the United States. PSR ¶ 33. The United States acknowledges and credits Wu for his ultimate decision to accept responsibility for his actions. However, his initial decision to fly to China is an aggravating factor that further separates Wu from his coconspirators.

That said, given the sentences imposed by the Court in similar circumstances, the United States believes a sentence below the Guidelines is appropriate. Still, the Court should give meaningful weight to the Guidelines range, which "represent[s] the collective determination of three governmental bodies—Congress, the Judiciary, and the Sentencing Commission—as to the appropriate punishments for a wide range of criminal conduct." *United States v. Cooper*, 437 F.3d

---

[2] Wu's position in the scheme does not justify a downward variance since the Guidelines already account for his relatively minor role. *See* PSR ¶ 6 (applying a two-level deduction because Wu was a minor participant).

324, 331 n.10 (3d Cir. 2006) (quotation omitted); *accord Rita v. United States*, 551 U.S. 338, 346-47 (2007) (noting that an appellate presumption of reasonableness of a guidelines sentence is permissible, and that many sentences that fall within the guidelines will be reasonable, although sentencing court must reach independent determination).

In sum, the recommended sentence is sufficient but not greater than necessary than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553.

## CONCLUSION

For the reasons stated above, the United States respectfully recommends the Court: (1) sentence Wu to 15 to 21 months in prison; (2) impose a one-year term of supervised release; (3) order restitution in the amount of $308,834.50; and (4) order forfeiture as contemplated in the consent order of forfeiture.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

December 1, 2021     By: _____
Christopher J. Hood
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 838-2639
Fax: (703) 299-3980
Christopher.Hood2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2021, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

_____
Christopher J. Hood
Assistant United States Attorney